

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin 1, Texas

Opinion No. O-6927

Re: Whether intoxicating liquors
seized at a private residence
by Inspectors of Liquor Con-
trol Board under authority of
a lawful search warrant may be
used as legal evidence on the
trial of the owner of said
premises in view of fact that
owner of premises searched was
away from home at the time of
search and copy of search war-
rant was merely left at prem-
ises.

Dear Sir:

We have received your recent request for an opin-
ion on the above subject. The material facts are quoted
in your letter as follows:

"Two inspectors of the Texas Liquor Control
Board secured a proper search warrant from the
Justice of the Peace, Precinct No. 1, Coryell
County, Texas to search the private residence
of the defendant. Upon reaching the residence,
the defendant and his family were away from
home and no one was there in possession of the
premises. The two inspectors entered the resi-
dence and searched the premises and found two
pints of liquor. A copy of the search warrant
was left on the table."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford - Page 2

The question raised in your request is whether said facts show such failure of compliance with the search and seizure laws in regard to notice as to render said liquor inadmissible on the trial of defendant as being evidence obtained in violation of law.

Article 666-20, Vernon's Annotated Penal Code of the State of Texas, under the subtitle, "Searches and Seizures," provides, inter alia, that a search warrant may issue under Title 6 of the Code of Criminal Procedure for the purpose of searching for, seizing, and destroying any alcoholic beverage possessed, sold, transported, manufactured, kept, or stored in violation of the provisions of this Act; search warrants may be issued by any magistrate upon the affidavit of a credible person, setting forth the name or description of the owner or person in charge of the premises to be searched, or stating that his name and description are unknown, the address or description of the premises, and showing that the described premise is a place where some specified phase or phases of this act are violated or are being violated; if the place to be searched is a private dwelling occupied as such and no part thereof is used as a store, shop, hotel, boarding house, or any purpose other than a private residence such affidavit shall be made by two (2) credible persons; and, except as herein provided the application, issuance, and execution of any such warrant and all proceedings relative thereto shall conform as near as may be to the provisions of Title 6 of the Code of Criminal Procedure.

Article 319, Title 6 of the Code of Criminal Procedure, provides that the officer shall, upon going to the place ordered to be searched, or before seizing any property for which he is ordered to make search, give notice of his purpose to the person who has charge of, or is an inmate of, the place, or who has possession of the property described in the warrant.

Honorable Bert Ford - Page 3


The Court of Criminal Appeals, affirming a conviction for manufacturing intoxicating liquor in Elms v. State, 26 S. W. (2d) 211, held, inter alia, as follows:

"Appellant's first contention is that the search was illegal, because appellant was not notified by the officers that they had a search warrant. The officers had the search warrant. They merely failed to notify appellant of such fact. When the officers approached, appellant was hiding in the brush, and it does not appear that he was in the house when the officers entered. He was later brought in after the search had already started. The failure to give the notice provided for in Article 319, C.C.P., did not render the search illegal. Justice v. State (Tex. Cr. App.) 18 S. W. (2) 657."

Said Court of Criminal Appeals, in Justice v. State, 18 S. W. (2d) 657, an appeal from a conviction for possessing intoxicating liquor for purposes of sale, in construing said Article 319, C.C.P., said the following:

". . . An officer ought to give notice of his purpose as directed by said article, both for his own protection and in fairness to the party whose premises are to be searched. A failure to give such notice would frequently throw light upon and determine the legality or otherwise of the conduct of all parties at the time of the search, but this phase of the question is not in the present case. A failure to give the notice provided in the Article quoted would not, in our opinion, render the search illegal, and therefore would not result in the rejection of the evidence obtained as a result thereof...."

The two foregoing cases were cited with approval in McGee v. State (Crim. App.), 51 S. W. (2) 714; and Boyer v. State (Crim. App.), 79 S. W. (2) 318.

Honorable Bert Ford - Page 4

Your inquiry mentioned the case of Goodspeed v. State, 25 S. W. (2d) 858 (Crim. Appeals). This was an appeal from a conviction of murder and the Court of Criminal Appeals held, in substance, as apparently affecting this question, that while one in possession of a lawful search warrant has the right of ultimate entry and ultimate search as against refusal of permission to enter, or refusal to permit to search, the court knew of no rule of law or decision which authorized an entry without notification or attempted notification to the occupants, or without and aside from the usual formalities precedent to the entry into the premises of another by one who was neither a resident nor occupant of such house; the record showed the officer did not knock, and did not in anywise indicate that he had a search warrant; he did not have it in his hand, nor did he say anything regarding it to appellant's wife; he entered appellant's house, came into the room, with a drawn pistol in his hand. In regard to these findings the Court said further: "Whatever a jury might think of this under appropriate instructions, we find ourselves unable to get away from the conclusion that these facts gave to appellant the right to have his theory of self-defense submitted to the jury." We do not believe the Goodspeed case, supra, to be in point as to legality of evidence obtained under a search warrant.

On the related question of admissibility of evidence obtained out of the presence of defendant, we present the cases of Soogin v. State (Crim. App.), 273 S. W. 575, a liquor prosecution, and Fowler v. State (Crim. App.), 31 S. W. (2) 450, a theft case, which hold, in substance, that the mere fact that the accused was not present when incriminating evidence was discovered or seen is no ground for its exclusion as hearsay evidence. See 18 Tex. Jur. p. 120.

Therefore, it is the considered opinion of this Department that said intoxicating liquor discovered on

Honorable Bert Ford - Page 5

defendant's premises under a valid search warrant, though defendant was not present at time of search and no one was present and in charge of said premises to whom notice of search could be given, was admissible as legal evidence on the trial of defendant for unlawfully possessing intoxicating liquor for the purpose of sale.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By: Robert L. Lattimore Jr
Robert L. Lattimore, Jr.
Assistant

RLL:gb

APPROVED DEC 22, 1945
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY [BWB]
CHAIRMAN